Robert T. Szyba
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
Insight Global, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR MARTINEZ,<br><br>   Plaintiff,<br><br> v.<br><br>INSIGHT GLOBAL LLC AND FISERV SOLUTIONS LLC,<br><br>   Defendants. | Civil Action No. 25-cv-15837<br><br>**DEFENDANT INSIGHT GLOBAL, LLC'S NOTICE OF REMOVAL** |

**TO**: Clerk of the Court
   United States District Court for the District of New Jersey
   Martin Luther King Building & U.S. Courthouse
   50 Walnut Street
   Newark, NJ 07101

**PLEASE TAKE NOTICE** that Defendant Insight Global, LLC ("Defendant" or "Insight Global"), by its attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332 and 1441, hereby files its Notice of Removal with respect to the case captioned *Oscar Martinez v. Insight Global LLC, et al.*, from the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-001534-25 ("State Court Action"). In support of this Notice of Removal, Insight Global states as follows:

**I.     BACKGROUND AND TIMELINESS**

1. On or about July 7, 2025, Plaintiff Oscar Martinez ("Plaintiff") filed a Complaint ("Complaint") in the State Court Action with the Clerk of the Superior Court of New Jersey, Law Division, Morris County. True and correct copies of the Summons, Complaint, and case initiating documents are annexed hereto as **Exhibit A**.

2. On August 21, 2025, Insight Global was served with the Complaint.

3. On September 10, 2025, Defendant Fiserv Solutions, LLC filed an Answer to the Complaint in the State Court Action. A true and correct copy of Defendant Fiserv Solutions LLC's Answer is annexed hereto as **Exhibit B**.

4. On September 10, 2025, counsel for Defendant Fiserv Solutions LLC filed an Appearance in the State Court Action. A true and correct copy of Defendant Fiserv Solutions, LLC's Notice of Appearance is annexed hereto as **Exhibit C**.

5. Defendant Fiserv Solutions LLC has consented to removal of this action to the United States District Court for the District of New Jersey.

6. Insight Global has filed no pleadings or appearances in the State Court Action.

7. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), since it is being filed within thirty days after service of the initial pleading or document (i.e., the Summons and Complaint) that provides the grounds for this removal petition (i.e., diversity jurisdiction) on the Defendant Insight Global, LLC.

8. This Notice of Removal is also timely under 28 U.S.C. § 1446(c)(1), since it is being filed within one year of the commencement of this action.

**II.    THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION**

9. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28

U.S.C. § 1332(a)(1). The requirements of 28 U.S.C. § 1332 have been met because, as set forth below, there is complete diversity of citizenship among the named parties and the amount in controversy exceeds $75,000.

     **A.**     **The Parties Are Completely Diverse**

10. For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3d Cir. 1996). Residence is *prima facie* evidence of domicile. *Krasnov v. Dinan,* 465 F.2d 1298, 1300-01 (3d Cir. 1972); 28 U.S.C. § 1332.

11. Plaintiff is a citizen of the State of New Jersey, residing at 10 Rebecca Court in the Township of Randolph, in the County of Morris, New Jersey. (Compl, pg. 1.)

12. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 430 (3d Cir. 2010). Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c); *see also Rose v. Mattress Firm, Inc.*, No. 21-cv-1560, 2021 WL 4520647, at *1 (3d Cir. Oct. 4, 2021) (quoting *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.")).

13. Defendant Insight Global, LLC is, and at the time of the commencement of this action was, a limited liability company formed under the laws of the State of Delaware, with its headquarters and principal place of business in Atlanta, Georgia. Insight Global, LLC's sole member is IG Staffing Holdings, LLC, a limited liability company organized under the laws of the State of Delaware with its headquarters and principal place of business in DeKalb County, Georgia. IG Staffing Holdings, LLC's sole member is IG Investments Holdings, LLC, a limited

liability company organized under the laws of the State of Delaware with its headquarters and principal place of business in DeKalb County, Georgia. IG Investments Holdings, LLC's sole member is Igloo Intermediate Holdings, LLC, a limited liability company organized under the laws of the State of Delaware with its headquarters and principal place of business in DeKalb County, Georgia. Igloo Intermediate Holdings, LLC's sole member is IG Igloo Holdings, LLC, a limited liability company organized under the laws of the State of Delaware with its headquarters and principal place of business in DeKalb County, Georgia. IG Igloo Holdings, LLC's sole member is IG True Grit Parent Holdings, Inc., a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business in DeKalb County, Georgia.

14. Defendant Fiserv Solutions LLC is a Wisconsin limited liability company with its principal place of business located in Wisconsin. Fiserv Solutions LLC's sole member is Fiserv, Inc., a Wisconsin corporation with its principal place of business in Wisconsin.

15. Therefore, Defendant Insight Global, LLC is a citizen of the States of Delaware and Georgia, and Defendant Fiserv Solutions LLC is a citizen of the State of Wisconsin.

16. Because Plaintiff is a citizen of New Jersey and Defendants are citizens of the States of Delaware, Georgia, and Wisconsin, this case is "between citizens of different states." 28 U.S.C. § 1332(a), (c).

**B.     The Amount In Controversy Exceeds $75,000**

17. Insight Global believes in good faith that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

18. Specifically, in his relief requested, Plaintiff seeks recovery for, among others, (1) unpaid wages, (2) liquidated damages, (3) compensatory damages, and (4) punitive damages. (Compl. (Ex. A), Counts One through Five, Wherefore Clauses.)

19. Additionally, Plaintiff seeks attorney's fees. (*Id.*) Reasonable attorneys' fees must be counted toward the jurisdictional amount if they are available under New Jersey state law. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). If this case proceeds to trial, which is requested by Plaintiff, there is a reasonable probability that Plaintiff's attorney's fees alone could exceed the jurisdictional amount.

20. The above items collectively would exceed $75,000 if Plaintiff were to prevail at trial.

21. Consequently, the amount in controversy exceeds the jurisdictional minimum required under 28 U.S.C. § 1332(a) because Plaintiff's claimed damages in this case easily exceed $75,000.[1]

22. The foregoing is competent proof that Plaintiff seeks damages in excess of $75,000.

23. Because this action is between citizens of different states and the matter in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

24. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

### III. VENUE AND NOTICE TO STATE COURT

25. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because the State Court Action is pending in New Jersey, venue, for purposes of removal, is proper in this

---

[1] In making the foregoing calculations of approximate damages, Insight Global does not imply that Plaintiff is entitled to any relief in this action. To the contrary, Insight Global maintains that Plaintiff is not entitled to any of the purported damages or other relief sought in the Complaint.

Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Insight Global, therefore, removes this action to the United States District Court for the District of New Jersey.

26. Promptly upon the filing of this Notice of Removal, Insight Global shall file a Notice to the Superior Court of New Jersey, Morris County of Filing a Notice of Removal to Federal Court, together with a copy of the Notice of Removal, with the Superior Court of New Jersey, Hudson County, and will serve a copy thereof on Plaintiff and counsel for Defendant Fiserv Solutions LLC, pursuant to 28 U.S.C. § 1446(d).

27. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Insight Global's legal contentions are warranted by existing law. The undersigned, likewise, certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

## IV. **CONCLUSION**

28. Insight Global submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages Plaintiff seeks may be properly sought).

29. Should Plaintiff seek to remand this case to state court, Insight Global respectfully asks that it be permitted to brief and argue the issue of this removal before any order remanding this case. In the event the Court decides remand is proper, Insight Global asks that the Court retain jurisdiction and allow Insight Global to file a motion asking this Court to certify any remand order for interlocutory review by the Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

30. Based on the foregoing, this Court has original jurisdiction over this action based on diversity of the parties under 28 U.S.C. § 1332. Therefore, the Court properly may exercise jurisdiction over this lawsuit. *See* 28 U.S.C. § 1441(a).

**WHEREFORE**, Insight Global respectfully requests that the above-described action removed to the United States District Court for the District of New Jersey. Insight Global also requests all other relief, at law or in equity, to which it is entitled.

Dated: September 19, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Robert T. Szyba*
    Robert T. Szyba
    SEYFARTH SHAW LLP
    620 Eighth Avenue
    New York, New York  10018
    Phone: (212) 218-5500
    Facsimile: (212) 218-5526
    rszyba@seyfarth.com

*Attorneys for Defendant Insight Global, LLC*

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.

Dated: September 19, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Robert T. Szyba*
    Robert T. Szyba
    SEYFARTH SHAW LLP
    620 Eighth Avenue
    New York, New York  10018
    Phone: (212) 218-5500
    Facsimile: (212) 218-5526
    rszyba@seyfarth.com

*Attorneys for Defendant Insight Global, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2025, a true and correct copy of DEFENDANT'S NOTICE OF REMOVAL with EXHIBITS A-C, CIVIL COVER SHEET, AND DNJ DIVERSITY JURISDICTION FORM, were electronically filed with the Clerk of the District Court, and served upon counsel for Plaintiff via FedEx priority overnight mail, postage prepaid, and counsel for Defendant Fiserv Solutions LLC via email, at the following address of record:

> Usmaan Sleemi, Esq.
> Law Offices of Usmaan Sleemi LLC
> 66 Route 17 North, Suite 500
> Paramus, NJ 07652
>
> *Attorneys for Plaintiff*
>
> Erik P. Pramschufer, Esq.
> Saul Ewing LLP
> 1270 Avenue of the Americas, Suite 2800
> New York, NY 10020
>
> *Attorneys for Defendant Fiserv Solutions LLC*

*/s/ Robert T. Szyba*
Robert T. Szyba
