# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/21/2025
CT Log Number 549921127

## Service of Process Transmittal Summary

**TO:**     Ariel Zion, VP & Deputy GC
Insight Global LLC
1224 HAMMOND DR NE STE 1500
ATLANTA, GA 30346-1537

**RE:**     **Process Served in New Jersey**

**FOR:**     Insight Global LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | OSCAR MARTINEZ vs. Insight Global LLC |
| **CASE #:** | MRSL153425 |
| **PROCESS SERVED ON:** | C T Corporation System, West Trenton, NJ |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/21/2025 at 12:43 |
| **JURISDICTION SERVED:** | New Jersey |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Sharon Stufken  sharon.murray@insightglobal.com |
| | Email Notification,  Katie Christian  katie.christian@insightglobal.com |
| | Email Notification,  Ariel Zion  ariel.zion@insightglobal.com |
| | Email Notification,  Katie O'Shea  katie.oshea@insightglobal.com |
| | Email Notification,  Courtney Majors  courtney.majors@insightglobal.com |
| | Email Notification,  Megan Quinn  megan.quinn@insightglobal.com |
| | Email Notification,  Kevin Arocha  kevin.arocha@insightglobal.com |
| | Email Notification,  Katie Schreiber  katie.schreiber@insightglobal.com |
| | Email Notification,  Rachel Rankin  rachel.rankin@insightglobal.com |
| | Email Notification,  Elizabeth Hanley  elizabeth.hanley@insightglobal.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 820 Bear Tavern Road |
| | West Trenton, NJ 08628 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                      Thu, Aug 21, 2025
**Server Name:**                               Drop Service

| Entity Served | INSIGHT GLOBAL LLC |
|---|---|
| Case Number | MRS-L-1534-25 |
| Jurisdiction | NJ |

| Inserts | | |
|---|---|---|
| | | |



**LAW OFFICES OF USMAAN SLEEMI LLC**
66 Route 17 North, Suite 500
Paramus, NJ 07652
T: 973.866.9415 | F: 973.775.9584
usleemi@sleemilaw.com
Attorneys for Plaintiff

| | |
|---|---|
| OSCAR MARTINEZ, | SUPERIOR COURT OF NEW JERSEY MORRIS COUNTY – LAW DIVISION |
| Plaintiff, | DOCKET NO. MRS-L-001534-25 |
| v. | CIVIL ACTION |
| INSIGHT GLOBAL LLC AND FISERV SOLUTIONS LLC, | **SUMMONS** |
| Defendants. | |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: August 20, 2025

Michelle M. Smith
Clerk of the Superior Court

NAME OF DEFENDANT TO BE SERVED:     Insight Global LLC
ADDRESS OF DEFENDANT TO BE SERVED:  c/o C T Corporation System
                                    820 Bear Tavern Road
                                    West Trenton, NJ 08628

**LAW OFFICES OF USMAAN SLEEMI LLC**
Usmaan Sleemi, Esq. [NJ ID 043072009]
66 Route 17 North, Suite 500
Paramus, NJ 07652
T: 973.866.9415 | F: 973.775.9584
usleemi@sleemilaw.com
Attorneys for Plaintiff

| | |
|---|---|
| OSCAR MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> INSIGHT GLOBAL LLC AND FISERV SOLUTIONS LLC, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> MORRIS COUNTY – LAW DIVISION <br><br> DOCKET NO. <br><br> CIVIL ACTION <br><br> **COMPLAINT** |

Plaintiff Oscar Martinez ("Martinez" and/or "Plaintiff"), residing at 10 Rebecca Court, in the Township of Randolph, in the County of Morris, New Jersey, by way of Complaint against Defendants Insight Global LLC ("Insight Global") and Fiserv Solutions LLC ("Fiserv") (collectively, "Defendants"), alleges as follows:

### FACTUAL BACKGROUND

1.    Insight Global is a staffing services company.

2.    Fiserv, together with its subsidiaries, provides payments and financial services technology services in the United States, Europe, the Middle East, Africa, Latin America, the Asia-Pacific, and internationally.

3.    Insight Global and Fiserv are joint employers of employees at Fiserv's Berkeley Heights, New Jersey office, located at 100 Connell Drive, Berkeley Heights, New Jersey 07922.

4.    Fiserv contracts with Insight Global to provide information technology staff, which Fiserv directly controls.

5.  Insight Global employees working at Fiserv's Berkeley Heights office are trained by Fiserv's employees and are expected to work according to Fiserv's protocols, methods, and practices.

6.  Insight Global employees working at Fiserv's Berkeley Heights office are subject to Fiserv's employment policies.

7.  Insight Global employees working at Fiserv's Berkeley Heights office are required by Fiserv to participate in its mandated trainings, including sexual harassment training.

8.  Upon information and belief, Fiserv can and does determine which Insight Global employees will be allowed to work at its Berkeley Heights office and it has the power to determine who Insight Global will hire and who Insight Global will fire.

9.  Upon information and belief, Fiserv can and does determine how much Insight Global will pay its employees working at Fiserv's Berkeley Heights office.

10. Martinez worked for Insight Global/Fiserv in the information technology field as a Java developer from on or around Thursday, February 15, 2024 to on or around Thursday, January 9, 2025.

11. Martinez was based at Fiserv's Berkeley Heights office for the entire duration of his employment with Insight Global/Fiserv.

12. Martinez had card key access to Fiserv's Berkeley Heights 24 hours a day, seven days a week.

13. Martinez was hired by Insight Global/Fiserv for the sole purpose of providing services to Fiserv.

14. Martinez's job with Insight Global/Fiserv was a full-time position and was Martinez's sole source of income.

- 2 -

15. Fiserv provided Martinez with the equipment that Martinez needed to perform his job duties, including a desk space, computer, and headset.

16. During Martinez's employment with Insight Global/Fiserv, Martinez had an "@fiserv.com" email address.

17. Fiserv made Martinez's work schedule and dictated Martinez's work hours.

18. Martinez's time off requests had to be approved by Fiserv and he was required to inform Fiserv whenever he would miss work.

19. During Martinez's employment with Insight Global/Fiserv, all of Martinez's daily job assignments came directly from Fiserv.

20. On or around Thursday, December 7, 2023, Martinez interviewed with Fiserv directly for a Java developer position.

21. Shortly thereafter, Martinez received and accepted an offer of employment with Insight Global/Fiserv.

22. On or around December 19, 2023, Martinez and Insight Global entered into a Contract Employee Agreement (the "Agreement"), whereby Insight Global would pay Martinez $116.00 per regular hour and $174.00 per overtime hour.

23. Martinez began providing services to Fiserv on or around Thursday, February 15, 2024.

24. Initially, Martinez reported directly to and came under the direct supervision of Mohd Amir ("Amir"), the vice president of technology, payments at Fiserv.

25. Amir had the power to discipline and terminate Martinez.

26. Under Amir, Martinez's work day would begin at 9:00 a.m. each day and end at 5:00 p.m. each day, i.e. Martinez worked 40 hours per week under Amir.

27. On or around Monday, June 3, 2024, Martinez began reporting to Sourav Ghosh ("Ghosh"), an enterprise architect advisor at Fiserv.

28. Like Amir, Ghosh had the power to discipline Martinez.

29. After Martinez started reporting to Ghosh, his work day would typically begin around 7:00 a.m. each day and would typically end between 6:30 p.m. and 7:00 p.m. each day.

30. Under Ghosh, Martinez would also regularly work at odd hours, on weekends, and during his vacations.

31. For example, Ghosh had Martinez participate in a Microsoft Teams meeting that took place from 11:00 p.m. on Wednesday, October 16, 2024 to 2:00 a.m. on Thursday, October 17, 2024 after Martinez had already worked from 7:00 a.m. to 7:00 p.m. on Wednesday, October 16, 2024 and even though he had to start work at 7:00 a.m. on Thursday, October 17, 2024.

32. On or around the afternoon of Friday, June 7, 2024, Martinez – who was required to submit his timesheet for the week to Insight Global and Fiserv by 1:00 p.m. each Friday afternoon – submitted his timesheet for that week to Fiserv and Insight Global.

33. That timesheet indicated that Martinez had worked 60 hours between Monday and Friday of that week.

34. On or around Monday, June 10, 2024, Amir called Martinez.

35. During that phone call, Amir told Martinez that he had reviewed his timesheet for the previous week and that Fiserv would not pay him for more than 40 hours per week. Amir then directed Martinez to change his timesheet for the previous week to show that he had only worked 40 hours that week.

36.     Martinez complied with Amir's request and changed his timesheet for the previous week to show that he had only worked 40 hours that week.

37.     Thereafter, the timesheets that Martinez submitted to Insight Global and Fiserv indicated that Martinez worked 40 hours each work week, despite that fact that he was actually working well over 40 hours each work week.

38.     This resulted in Martinez working more than 40 hours per week without receiving any pay for time worked in excess of 40 hours per week.

39.     Moreover, during Martinez's employment with Insight Global/Fiserv, Martinez had one-on-one video meetings with Brandi Brittain ("Brittain"), a program manager at Insight Global, every Friday.

40.     After Martinez began reporting to Ghosh, he regularly complained to Brittain during these meetings that he was working more than 40 hours each week without receiving any pay for the time he worked in excess of 40 hours per week and asked her if he would be compensated for that work time.

41.     In response, Brittain would usually spend several minutes giving Martinez the runaround, before telling him that he would not be compensated for the time he worked in excess of 40 hours per week.

## COUNT ONE

**(Failure to Pay Full Amount of Wages – New Jersey Wage Payment Law)**

42.     Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

43.     Defendants violated the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 to -4.14 ("NJWPL") by failing to pay Plaintiff the full amount of wages due to him.

44.    Defendants knew or showed reckless disregard for whether their conduct was prohibited by the NJWPL.

**WHEREFORE**, Plaintiff demands judgment against Defendants and seeks unpaid wages, liquidated damages, other compensatory damages, punitive damages, interest, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT TWO

### (Failure to Pay Overtime – New Jersey Wage and Hour Law)

45.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

46.    Defendants violated the New Jersey Wage and Hour Law, <u>N.J.S.A.</u> §§ 34:11-56(a) to -56a38 ("NJWHL") by failing to pay Plaintiff overtime pay at time and one-half Plaintiff's regular rate of pay for time worked over 40 hours in a work week.

47.    Defendants knew or showed reckless disregard for whether their conduct was prohibited by the NJWHL.

**WHEREFORE**, Plaintiff demands judgment against Defendants and seeks unpaid wages, liquidated damages, other compensatory damages, punitive damages, interest, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT THREE

### (Unjust Enrichment)

48.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

49.    Defendants have been unjustly enriched in that they received the benefits of Plaintiff's labor, including his overtime labor, without paying for it.

50.    As a result, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, nominal damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT FOUR

### (Breach of Contract Against Insight Global)

51.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

52.    Plaintiff and Insight Global entered into the Agreement.

53.    Under the Agreement, Insight Global agreed to pay Plaintiff $116.00 per regular hour and $174.00 per overtime hour.

54.    Plaintiff regularly worked overtime hours.

55.    Insight Global, however, failed to pay Plaintiff anything for the overtime hours that he worked.

56.    As a result of Insight Global's breach of the Agreement, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands judgment against Insight Global for compensatory damages, punitive damages, nominal damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT FIVE

### (Breach of the Duty of Good Faith and Fair Dealing Against Insight Global)

57.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

58.    A contract existed between Plaintiff and Insight Global.

59.     Insight Global acted in bad faith with the purpose of depriving Plaintiff of rights or benefits under the contract.

60.     As a result, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff demands judgment against Insight Global for compensatory damages, punitive damages, nominal damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorney's fees, costs of suit, and such other relief that the Court may deem just and proper.

**LAW OFFICES OF USMAAN SLEEMI LLC**
Attorneys for Plaintiff


By: */s/ Usmaan Sleemi*
         Usmaan Sleemi, Esq.
         Law Offices of Usmaan Sleemi LLC
         66 Route 17 North, Suite 500
         Paramus, New Jersey 07652

Dated: July 5, 2025

- 8 -

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Oscar Martinez demands a trial by jury on all issues.

> **LAW OFFICES OF USMAAN SLEEMI LLC**
> Attorneys for Plaintiff
>
>
> By: */s/ Usmaan Sleemi*_____
>      Usmaan Sleemi, Esq.

Dated: July 5, 2025

## **DESIGNATION OF TRIAL COUNSEL**

Usmaan Sleemi, Esq. is hereby designated as trial counsel in this matter.

> **LAW OFFICES OF USMAAN SLEEMI LLC**
> Attorneys for Plaintiff
>
>
> By: */s/ Usmaan Sleemi*_____
>      Usmaan Sleemi, Esq.

Dated: July 5, 2025

## CERTIFICATION PURSUANT TO RULE 4:5-1

I, Usmaan Sleemi, certify as follows:

I am counsel for Plaintiff Oscar Martinez in this matter.  To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, and no other action or arbitration proceeding is contemplated, and no other parties should be joined to this action.

I certify that the foregoing statements are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

**LAW OFFICES OF USMAAN SLEEMI LLC**
Attorneys for Plaintiff


By: */s/ Usmaan Sleemi*_____
        Usmaan Sleemi, Esq.


Dated: July 5, 2025

# Civil Case Information Statement

| Case Details: MORRIS | Civil Part Docket# L-001534-25 |
|---|---|

**Case Caption:** MARTINEZ OSCAR  VS INSIGHT GLOBAL LLC

**Case Initiation Date:** 07/07/2025

**Attorney Name:** USMAAN SLEEMI

**Firm Name:** USMAAN SLEEMI LLC

**Address:** 66 ROUTE 17 NORTH STE 500

PARAMUS NJ 07652

**Phone:** 9738669415

**Name of Party:** PLAINTIFF : Martinez, Oscar

**Name of Defendant's Primary Insurance Company**

**(if known):** Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** Oscar Martinez? NO

---

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/07/2025
Dated

/s/ USMAAN SLEEMI
Signed

MORRIS COUNTY SUPERIOR COURT
PO BOX 910
MORRISTOWN        NJ 07963

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (862) 397-5700
COURT HOURS  8:30 AM - 4:30 PM

DATE:    JULY 07, 2025
RE:      MARTINEZ OSCAR  VS INSIGHT GLOBAL LLC
DOCKET: MRS L -001534 25

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON VIJAYANT PAWAR

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (862) 397-5700 EXT 75351.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: USMAAN SLEEMI
USMAAN SLEEMI LLC
66 ROUTE 17 NORTH
STE 500
PARAMUS          NJ 07652

ECOURTS

**Judiciary eCourts System - Civil Part**

Home     Help     Logout

**CASE JACKET**

User:Craig Davis

## Docket Number:  MRS L 001534 - 25

Back                                                                    Create Summary Report

**Case Caption:** Martinez Oscar Vs Insight Global Llc
**Court:** Civil Part
**Case Type:** Employment (Other Than Cepa Or Lad)
**Case Track:** 2
**# of Discovery Days:** 300
**Original Discovery End Date:** 07/07/2026
**Original Arbitration Date:**
**Original Trial Date:**
**Disposition Date:**

**Venue:** Morris
**Case Status:** Active
**Judge:** Vijayant Pawar
**Age of Case:** 0 YR 02 MO 11 DY
**Current Discovery End Date:** 07/07/2026
**Current Arbitration Date:**
**Current Trial Date:**
**Case Disposition:** Open

**Case Initiation Date:** 07/07/2025
**Jury Demand:** 6 Jurors
**Team:** 1
**Consolidated Case:** N
**# of DED Extensions:** 0
**# of Arb Adjournments:** 0
**# of Trial Date Adjournments:** 0
**Statewide Lien:**

| Plaintiffs (1) | Defendants (2) | ACMS Documents (3) | Fees (3) |

| Oscar Martinez     (Party No. 1) |

**Case Actions**

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 07/07/2025 | 📎 ✉ | Complaint with Jury Demand for MRS-L-001534-25 submitted by SLEEMI, USMAAN , USMAAN SLEEMI LLC on behalf of OSCAR MARTINEZ against INSIGHT GLOBAL LLC, FISERV SOLUTIONS LLC | LCV20251937954 | 07/07/2025 |
| 07/08/2025 | 📎 ✉ | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20251955996 | 07/08/2025 |
| 09/10/2025 | 📎 ✉ | Answer W/Jury Demand submitted by PRAMSCHUFER, ERIK, P of SAUL EWING LLP on behalf of FISERV SOLUTIONS LLC against OSCAR MARTINEZ | LCV20252509052 | 09/10/2025 |
| 09/10/2025 | 📎 ✉ | NOTICE OF APPEARANCE (NOT THE FIRST PAPER) submitted by PRAMSCHUFER, ERIK, P of SAUL EWING LLP on behalf of FISERV SOLUTIONS LLC against OSCAR MARTINEZ | LCV20252509321 | 09/10/2025 |

Showing 1 to 4 of 4 entries

# EXHIBIT B

**SAUL EWING LLP**
Erik P. Pramschufer (NJ ID# 268462019)
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
(212) 980-7216
erik.pramschufer@saul.com

*Attorney for Defendant Fiserv Solutions LLC*

| | |
|---|---|
| OSCAR MARTINEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>INSIGHT GLOBAL LLC and FISERV<br>SOLUTIONS LLC,<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, MORRIS COUNTY<br><br>DOCKET NO. MRS-L-001534-25<br><br>           Civil Action<br><br>**FISERV SOLUTIONS LLC'S ANSWER<br>WITH AFFIRMATIVE DEFENSES** |

Defendant Fiserv Solutions LLC ("Fiserv"), by and through its undersigned counsel, answers the Complaint of Plaintiff Oscar Martinez ("Plaintiff"),[1] as follows:

## FACTUAL BACKGROUND

1.      Upon information and belief, Fiserv admits the allegations stated in Paragraph 1 of the Complaint.

2.      Fiserv admits that it provides payments and financial technology services. Fiserv denies the remaining allegations stated in Paragraph 2 of the Complaint

---

[1] As stated in Affirmative Defense No. 2, this dispute is required to be exclusively adjudicated through private binding arbitration pursuant to the terms of Plaintiff's employment agreement with Defendant Insight Global LLC ("Insight Global"). Fiserv will make or join in an appropriate motion once Insight Global appears in the action, considering that Insight Global is the only defendant in direct privity of contract with Plaintiff, was Plaintiff's exclusive employer during the time relevant to this action and is the party able to competently introduce the pertinent employment agreement into evidence. See Cole v. Jersey City Medical Ctr., 215 N.J. 265, 277 (2013) (observing that the right to compel arbitration is not waived by the filing of an answer provided that arbitration is raised as an affirmative defense and the defendant does not extensively engage in the litigation).

3.      The allegations stated in Paragraph 3 of the Complaint state legal conclusions to which no response is required.  To the extent a further response is required, the allegations stated in Paragraph 3 are denied; except that Fiserv admits it has a location at 100 Connell Drive, Berkeley Heights, New Jersey 07922.

4.      Fiserv admits that it contracted with Insight Global for the provision of certain short-term auxiliary staffing services. Fiserv denies the remaining allegations stated in Paragraph 4 of the Complaint.

5.      Fiserv admits that Plaintiff received cyber-security and data privacy training necessary to provide the services he provided to Fiserv as part of his employment with Insight Global. Fiserv denies the remaining allegations stated in Paragraph 5 of the Complaint.

6.      Fiserv admits that Plaintiff was required to abide by Fiserv's workplace standards while performing services for Fiserv as set forth in Fiserv's Code of Conduct. Fiserv denies the remaining allegations stated in Paragraph 6 of the Complaint.

7.      Fiserv denies the allegations stated in Paragraph 7 of the Complaint.

8.      Fiserv admits that it approved Plaintiff to provide services to Fiserv through Insight Global remotely and at Fiserv's Berkeley Heights location. Fiserv denies the remaining allegations stated in Paragraph 8 of the Complaint.

9.      Fiserv denies the allegations stated in Paragraph 9 of the Complaint.

10.     Fiserv denies the allegations stated in Paragraph 10 of the Complaint.

11.     Fiserv denies the allegations in Paragraph 11 of the Complaint. By way of further response, Plaintiff principally performed his services for Fiserv remotely, upon information and belief from his residence in New Jersey, and occasionally at Fiserv's Berkeley Heights location.

12.     Fiserv admits Plaintiff had a key card to access Fiserv's Berkely Heights office building. Fiserv denies the remaining allegations stated in Paragraph 12 of the Complaint.

13.     Upon information and belief, Fiserv admits that Insight Global hired Plaintiff to provide services to Fiserv. Fiserv denies the remaining allegations stated in Paragraph 13 of the Complaint.

14.     Fiserv admits that Plaintiff was employed by Insight Global to perform services for Fiserv for an estimated 40 hours per week. Fiserv lacks knowledge or information to respond to the remaining allegations stated in Paragraph 14 of the Complaint. To the extent any further response is required, Fiserv denies any remaining allegations in this paragraph.

15.     Fiserv admits that it provided Plaintiff certain equipment in order to allow him to perform services for Fiserv. Fiserv denies that Plaintiff had a permanent assigned desk at Fiserv. Fiserv denies the remaining allegations stated in Paragraph 15 of the Complaint.

16.     Fiserv admits that Plaintiff was provided an "@fiserv.com" email address. Fiserv denies the remaining allegations stated in Paragraph 16 of the Complaint.

17.     Fiserv denies the allegations stated in Paragraph 17 of the Complaint.

18.     Fiserv admits that Plaintiff was expected to inform Fiserv when he would be unavailable to provide services. Fiserv denies the remaining allegations stated in Paragraph 18 of the Complaint.

19.     Fiserv denies that Plaintiff was ever employed by Fiserv. Fiserv lacks knowledge or information to respond to the remaining allegations stated in Paragraph 19 of the Complaint. To the extent any further response is required, Fiserv denies any remaining allegations in this paragraph.

20.     Fiserv admits that Fiserv met with Plaintiff prior to his engagement as a contractor to discuss his skills and experience relative to Fiserv's needs for its project. Fiserv denies the remaining allegations stated in Paragraph 20 of the Complaint.

21.     Fiserv denies that Plaintiff received an offer of employment with Fiserv. Fiserv lacks knowledge or information to respond to the remaining allegations stated in Paragraph 21 of the Complaint. To the extent any further response is required, Fiserv denies any remaining allegations in this paragraph.

22.     Upon information and belief, Fiserv admits the allegations stated in Paragraph 22 of the Complaint.

23.     Fiserv denies the allegations stated in Paragraph 23 of the Complaint.

24.     Fiserv admits that Mohd Amir was one of the Fiserv leaders overseeing the project Fiserv contracted with Insight Global to provide auxiliary staffing support for. Fiserv denies the remaining allegations stated in Paragraph 24 of the Complaint.

25.     Fiserv denies the allegations stated in Paragraph 25 of the Complaint.

26.     Fiserv lacks knowledge or information to respond to the allegations stated in Paragraph 26 of the Complaint. To the extent any further response is required, Fiserv denies the allegations in this paragraph.

27.     Fiserv admits that Sourav Ghosh was one of the Fiserv leaders overseeing the project Fiserv contracted with Insight Global to provide auxiliary staffing support for. Fiserv denies the remaining allegations stated in Paragraph 27 of the Complaint.

28.     Fiserv denies the allegations stated in Paragraph 28 of the Complaint.

29.    Fiserv lacks knowledge or information to respond to the allegations stated in Paragraph 29 of the Complaint. To the extent any further response is required, Fiserv denies the allegations in this paragraph.

30.    Fiserv denies the allegations stated in Paragraph 30 of the Complaint.

31.    Fiserv lacks knowledge or information to respond to the allegations stated in Paragraph 31 of the Complaint. To the extent any further response is required, Fiserv denies the allegations in this paragraph.

32.    Fiserv admits Plaintiff submitted timesheets on a weekly basis. Fiserv lacks knowledge or information to respond to the remaining allegations stated in Paragraph 32 of the Complaint. To the extent any further response is required, Fiserv denies any remaining allegations in this paragraph.

33.    Fiserv denies the allegations stated in Paragraph 33 of the Complaint.

34.    Fiserv lacks knowledge or information to respond to the allegations stated in Paragraph 34 of the Complaint. To the extent any further response is required, Fiserv denies the allegations in this paragraph.

35.    Fiserv denies the allegations stated in Paragraph 35 of the Complaint.

36.    Fiserv denies the allegations stated in Paragraph 36 of the Complaint.

37.    Fiserv admits that during the course of Plaintiff's engagement as a temporary contract worker, Fiserv was frequently billed for Plaintiff performing services for 40 or less hours per week. Fiserv lacks knowledge or information to respond to the remaining allegations stated in Paragraph 37 of the Complaint. To the extent any further response is required, Fiserv denies any remaining allegations in this paragraph.

38.    Fiserv denies the allegations stated in Paragraph 38 of the Complaint.

56157900.5

39.     Fiserv lacks knowledge or information to respond to the allegations regarding whether and when Plaintiff met with Brandi Brittain of Insight Global. To the extent any further response is required, these allegations are denied. Fiserv denies the remaining allegations stated in Paragraph 39 of the Complaint.

40.     Fiserv lacks knowledge or information to respond to the allegations stated in Paragraph 40 of the Complaint. To the extent any further response is required, Fiserv denies the allegations in this paragraph.

41.     Fiserv lacks knowledge or information to respond to the allegations stated in paragraph 41 of the Complaint. To the extent any further response is required, Fiserv denies the allegations in this paragraph.

### COUNT ONE
### (Failure to Pay Full Amount of Wages – New Jersey Wage Payment Law)

42.     Fiserv incorporates its responses to the allegations above.

43.     Fiserv denies the allegations stated in Paragraph 43 of the Complaint.

44.     Fiserv denies the allegations stated in Paragraph 44 of the Complaint.

### COUNT TWO
### (Failure to Pay Overtime – New Jersey Wage and Hour Law)

45.     Fiserv incorporates its responses to the allegations above.

46.     Fiserv denies the allegations stated in Paragraph 46 of the Complaint.

47.     Fiserv denies the allegations stated in Paragraph 47 of the Complaint.

### COUNT THREE
### (Unjust Enrichment)

48.     Fiserv incorporates its responses to the allegations above.

49.     Fiserv denies the allegations stated in Paragraph 49 of the Complaint.

50.     Fiserv denies the allegations stated in Paragraph 50 of the Complaint.

56157900.5

### COUNT FOUR
### (Breach of Contract Against Insight Global)

51.     Fiserv incorporates its responses to the allegations above.

52.     Count Four is not directed to Fiserv; therefore, no response to this paragraph is required from Fiserv.

53.     Count Four is not directed to Fiserv; therefore, no response to this paragraph is required from Fiserv.

54.     Count Four is not directed to Fiserv; therefore, no response to this paragraph is required from Fiserv.

55.     Count Four is not directed to Fiserv; therefore, no response to this paragraph is required from Fiserv.

56.     Count Four is not directed to Fiserv; therefore, no response to this paragraph is required from Fiserv.

### COUNT FIVE
### (Breach of the Duty of Good Faith and Fair Dealing Against Insight Global)

57.     Fiserv incorporates its responses to the allegations above.

58.     Count Five is not directed to Fiserv; therefore, no response to this paragraph is required from Fiserv.

59.     Count Five is not directed to Fiserv; therefore, no response to this paragraph is required from Fiserv.

60.     Count Five is not directed to Fiserv; therefore, no response to this paragraph is required from Fiserv.

61.     In response to the "WHEREFORE" clauses following paragraphs 44, 47 and 50 of the Complaint, Fiserv states that these paragraphs state legal conclusions or claims for relief to which Fiserv is not required to respond. To the extent a response is required to any of these

56157900.5

paragraphs, Fiserv denies that it acted unlawfully and denies that Plaintiff is entitled to any relief from Fiserv, including any and all relief sought in the Complaint.

62.     Fiserv denies all allegations of fact stated in the Complaint unless expressly admitted in this Answer.

## <u>FISERV'S AFFIRMATIVE DEFENSES</u>

Fiserv asserts the following defenses to the claims stated in Plaintiff's Complaint, without conceding that Fiserv bears the burden of proof as to any of them:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Fiserv upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is subject to dismissal because the claims raised in the Complaint are subject to mandatory binding arbitration pursuant to the terms of Plaintiff's employment agreement with Insight Global. Fiserv is a third-party beneficiary of the employment agreement with the right to compel Plaintiff to arbitrate his claims. Further, Plaintiff is estopped from denying Fiserv the right to compel arbitration due to Plaintiff's acknowledgment in the employment agreement that he is/was not an employee of Fiserv.

### THIRD AFFIRMATIVE DEFENSE

Fiserv acted at all times in good faith and in conformance with its own contract(s) with Plaintiff's employer, Insight Global. Fiserv had no reason to believe or expect that it may be violating any law or duty owed to Plaintiff (to the extent any such duty existed). Fiserv was not Plaintiff's employer or "joint employer" for any purpose.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is exempt from any requirement to be paid an overtime premium under the New Jersey Wage and Hour Laws, pursuant to applicable state and federal regulations.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff performed work for which he was not properly compensated by Insight Global, Fiserv is not liable for such claims due to lack of notice. Fiserv was not privy to Plaintiff's employment relationship with Insight Global aside from paying Insight Global for the services for which Fiserv was billed; which, upon information and belief, were based upon the hours Plaintiff reported. Fiserv had no independent legal duty to track or monitor the times Plaintiff worked.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Fiserv are barred in whole or in part by the doctrine of estoppel. Plaintiff expressly agreed that Fiserv was not his employer and, rather, was employed by Insight Global for purposes of providing discrete services to Fiserv as a temporary contract worker. Moreover, upon information and belief, Plaintiff was compensated based upon the hours he reported to Insight Global.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff performed work for which he was not compensated by Insight Global, Fiserv is not liable to compensate Plaintiff for his time/services to the extent that (i) Plaintiff's uncompensated time was *de minimis*, or (ii) was not compensable under the New Jersey Wage Payment Law or Wage and Hour Law.

56157900.5

## EIGHTH AFFIRMATIVE DEFENSE

Fiserv reserves the right to raise any other general or affirmative defenses that may become apparent during the course of discovery in this action or in any related arbitration proceeding.

## REQUEST FOR RELIEF

Defendant Fiserv Solutions LLC requests that the Court enter judgment in its favor, dismiss Plaintiff's Complaint in its entirety, award Fiserv its reasonable costs and attorneys' fees, and provide such other and further relief as the Court deems just and equitable.

Dated: September 10, 2025

Respectfully submitted,

**SAUL EWING LLP**
*Attorneys for Defendant Fiserv Solutions LLC*

By: */s/ Erik P. Pramschufer*
Erik P. Pramschufer (NJ ID# 268462019)

## CERTIFICATE OF COMPLIANCE WITH RULE 1:38-7

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-77(b).

*/s/ Erik P. Pramschufer*
Erik P. Pramschufer (NJ ID# 268462019)

Dated: September 10, 2025

56157900.5

## CERTIFICATE OF SERVICE

I certify that on the below date, the original of Fiserv Solutions LLC's Answer with Affirmative Defenses was filed through eCourts Civil.

I further certify that a copy of the aforementioned document was served via electronic filing to:

Usmaan Sleemi
LAW OFFICES OF USMAAN SLEEMI LLC
66 Route 17 North, Suite 500
Paramus, NJ 07652
usleemi@sleemilaw.com
*Attorney for Plaintiff Oscar Martinez*

I further certify that a copy of the aforementioned document was served via e-mail to:

Robert T. Syzba
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
rsyzba@seyfarthshaw.com
*Attorney for Defendant Insight Global LLC*

I certify that the foregoing statements made by me are true. I am aware that is any of the foregoing statements made by me are willfully false, then I may be subject to punishment.

/s/ Erik P. Pramschufer
Erik P. Pramschufer (NJ ID# 268462019)

Dated:  September 10, 2025

11

56157900.5

# Civil Case Information Statement

## Case Details: MORRIS | Civil Part Docket# L-001534-25

**Case Caption:** MARTINEZ OSCAR  VS INSIGHT GLOBAL LLC

**Case Initiation Date:** 07/07/2025

**Attorney Name:** ERIK P PRAMSCHUFER

**Firm Name:** SAUL EWING LLP

**Address:** 1270 AVENUE OF THE AMERICAS STE 2800 NEW YORK NY 10020

**Phone:** 2129807200

**Name of Party:** DEFENDANT : FISERV SOLUTIONS LLC

**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Answer W/Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: OSCAR  MARTINEZ?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
 **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
 **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/10/2025
Dated

/s/ ERIK P PRAMSCHUFER
Signed

# EXHIBIT C

**SAUL EWING LLP**
Erik P. Pramschufer (NJ ID# 268462019)
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
(212) 980-7216
erik.pramschufer@saul.com

*Attorney for Defendant Fiserv Solutions LLC*

| | |
|---|---|
| OSCAR MARTINEZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>INSIGHT GLOBAL LLC and FISERV<br>SOLUTIONS LLC,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, MORRIS COUNTY<br><br>DOCKET NO. MRS-L-001534-25<br><br>        Civil Action<br><br>**NOTICE OF APPEARANCE<br>ERIK P. PRAMSCHUFER** |

**PLEASE TAKE NOTICE** that Erik P. Pramschufer of the law firm Saul Ewing LLP, hereby appears in this action on behalf of Defendant Fiserv Solutions LLC and requests that all correspondence, pleadings and other papers be served upon counsel at the address stated above.

**PLEASE TAKE FURTHER NOTICE** that this Notice is an administrative document intended exclusively for the purposes of receiving electronic filings, and shall not be interpreted to waive any defenses, including any defenses based upon lack of jurisdiction or improper venue.

Dated: September 10, 2025

Respectfully submitted,

**SAUL EWING LLP**
*Attorneys for Defendant Fiserv Solutions
LLC*

By: */s/ Erik P. Pramschufer*
Erik P. Pramschufer (NJ ID# 268462019)

56266176.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the below date, the original of Fiserv Solutions LLC's Answer with Affirmative Defenses was filed through eCourts Civil.

I further certify that a copy of the aforementioned document was served via electronic filing to:

Usmaan Sleemi
LAW OFFICES OF USMAAN SLEEMI LLC
66 Route 17 North, Suite 500
Paramus, NJ 07652
usleemi@sleemilaw.com
*Attorney for Plaintiff Oscar Martinez*

I further certify that a copy of the aforementioned document was served via e-mail to:

Robert T. Syzba
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
rsyzba@seyfarthshaw.com
*Attorney for Defendant Insight Global LLC*

I certify that the foregoing statements made by me are true. I am aware that is any of the foregoing statements made by me are willfully false, then I may be subject to punishment.

*/s/ Erik P. Pramschufer*
Erik P. Pramschufer (NJ ID# 268462019)

Dated:  September 10, 2025

2

56266176.1